IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-4874 |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE KRASNER, PHILLY D.A., | : | |
| GEORGE MURPHY, A.D.A. PHILLY, and | : | |
| ANTHONY V. POMERANZ, A.D.A, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 22nd day of July, 2019, after considering: (1) the petition for writ of habeas corpus purportedly under 28 U.S.C. § 2241 filed by the *pro se* petitioner, Eric X. Rambert ("Rambert") (Doc. No. 2); (2) Rambert's amended petition for writ of habeas corpus (Doc. No. 7); (3) Rambert's "Amended Memorandum of Law in Support of [His] Amended Petition for the Pending Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 8); the report and recommendation by United States Magistrate Judge Lynne A. Sitarski (Doc. No. 13); and Rambert's timely objections to the report and recommendation (Doc. No. 14); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. Rambert's objections to the report and recommendation (Doc. No. 14) are **OVERRULED**;[1]

3. The Honorable Lynne A. Sitarski's report and recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**;

4. Rambert's petition for writ of habeas corpus (Doc. No. 2), as amended and supplemented by his amended petition and memorandum of law (Doc. Nos. 7, 8) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

5. Rambert has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

As noted by Judge Sitarski in her report, after Rambert pleaded guilty to Rape, Burglary, and Robbery in the Court of Common Pleas of Philadelphia County in November 1983, the Honorable James D. McCrudden, now deceased, sentenced him to a period of incarceration for a minimum of ten years to a maximum of 25 years. *See* R&R at 1–2; *see also Commonwealth v. Rambert*, No. 3634 EDA 2017, 2018 WL 4402132, at *1 (Pa. Super. Sept. 17, 2018) (describing Rambert's plea and sentence); Docket, *Commonwealth v. Rambert*, No. CP-51-CR-625331-1983 (Phila. Ct. Com. Pl.), *available at:* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0625331-1983&dnh=xbeFf23VPCzZezVspHck6g%3d%3d (last visited July 19, 2019). While incarcerated under this sentence, a jury sitting in the Allegheny County Court of Common Pleas found him guilty of Assault by a Prisoner, Riot, and Conspiracy. *See* R&R at 2; *see also Commonwealth v. Rambert*, No. 320 WDA 2013, 2013 WL 11250338, at *1 (Pa. Super. Nov. 12, 2013) (describing verdict); Docket, *Commonwealth v. Rambert*, No. CP-02-CR-2765-1987 (Allegheny Ct. Com. Pl.), *available at:* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0002765-1987&dnh=ZUmJDQkY9%2b5802T8I2keeg%3d%3d (last visited July 19, 2019). The Honorable Robert E. Dauer, now deceased, sentenced Rambert to a period of incarceration for a minimum of six years to a maximum of 25 years in November 1987. *See* R&R at 2; *Rambert*, 2013 WL 11250338, at *1 (describing sentence). This sentence was to run consecutive to the sentence imposed in Philadelphia County. *See* R&R at 2; *see also* Pet'r's Opp. to R&R at 1, Doc. No. 14 ("While serving the illegal sentence [imposed in Philadelphia County] the Petitioner was found guilty of assault by Prisoner, riot and criminal conspiracy and sentenced to a 6–25 year term of imprisonment, to run consecutively with the prior sentence.").

Judge Sitarski noted that Rambert is contending in his habeas petition that he completed his term of imprisonment and is currently unlawfully detained. *See* R&R at 2. Judge Sitarski also explained that Rambert has filed (1) many challenges to the calculation of his sentence in federal court and multiple habeas petitions. *See id.* (citing cases). He also appears to have filed numerous petitions in the state courts under Pennsylvania's Post Conviction Relief Act ("PCRA"). *See Commonwealth v. Rambert*, No. 1395 WDA 2018, 2019 WL 1513167, at *1 (Pa. Super.

Apr. 5, 2019) (stating that Rambert had filed eleven PCRA petitions in No. CP-02-CR-2765-1987); *Rambert*, 2018 WL 4402132, at *1 (stating that Rambert had filed ten PCRA petitions in No. CP-51-CR-625331-1983).

Although Rambert purported to assert the instant petition under 28 U.S.C. § 2241, *see* Doc. No. 2, Judge Sitarski explained that because he was challenging the execution of his sentence, the court must consider it under 28 U.S.C. § 2254. *See* R&R at 1, n.1 (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). Judge Sitarski also pointed out that because Rambert had already filed at least five habeas petitions challenging the aggregation of his sentences, and at least four petitions where he challenged his underlying conviction, "the petition is subject to the authorization requirements of 28 U.S.C. § 2244(b)." *Id.* at 3. As Rambert did not receive prior approval from the Third Circuit Court of Appeals to file the instant habeas petition, Judge Sitarski recommended that the court dismiss it for lack of jurisdiction. *See id.*

In his objections to the report and recommendation (which he identifies as his "opposition"), Rambert repeats his arguments (included in his petition, amended petition, and memoranda of law) about, *inter alia*, his purportedly illegal sentence, his unlawful continued detention, his improper placement into the career criminal program, a breach of a plea agreement by the Department of Corrections, and an assistant district attorney fraudulently placing false prior convictions in his record so he would be classified as a career criminal. *See* Pet'r's Opp. to R&R at ECF pp. 1–7. He claims that his habeas petition presents "extraordinary circumstances" because a prosecutor has acknowledged that he has completed his Philadelphia County sentence; yet, he is still incarcerated. *See id.* at ECF p. 2. He again asserts that his career criminal designation was concealed for 22 years. *See id.* at ECF p. 3. He also argues that because he is illegally detained, his "only recourse is the writ of habeas corpus and [this] doesn't require [him, because he] has no charges or sentence pending and is being detained unlawfully[,] to request for permission to file a second or successive habeas corpus, where there is no sentence or charges pending." *Id.* at ECF p. 5. As a final matter, he appears to argue that the trial court (presumably the Court of Common Pleas of Philadelphia County) lacked jurisdiction after committing due process violations against Rambert. *See id.* at ECF p. 7.

Rambert's objections do not substantively address the merits of Judge Sitarski's report and recommendation; namely, that this is actually a section 2254 habeas petition, that he has previously filed numerous petitions raising the same general issues he raises here, that the Third Circuit has not provided him with permission to file the instant petition, and that, as an impermissibly filed second or successive petition, this court lacks jurisdiction over it. Rambert fails to cite to any applicable case in support of his argument that his purported illegal detention releases him from his obligation to file an application with the Third Circuit for permission to file a second or successive petition. As Judge Sitarski properly characterized Rambert's petition as a second or successive section 2254 habeas petition and the Third Circuit has not provided him with permission to file this petition, the undersigned overrules Rambert's objection, adopts the report and recommendation, and dismisses this matter without prejudice for lack of jurisdiction.